IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CIT SMALL BUSINESS LENDING CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 12-0376-WS-C ) |
| VIOLA MAGIC TOUCH CLEANERS, INC. etc., et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for default judgment. (Doc. 11). Default has previously been entered against each of the defendants after the Court confirmed that service of process had been properly perfected.

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact .... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis in original).

[1]

The complaint alleges that defendant Viola Magic Touch Cleaners, Inc., d/b/a Viola Magic Touch Dry Cleaners ("Magic Touch") is indebted to the plaintiff on a promissory note and that the individual defendants are indebted to the plaintiff on guaranties of the note.  The complaint seeks recovery from each defendant of unpaid principal, interest, attorney's fees and other incidentals.  (Doc. 1 at 3-4).  These well-pleaded allegations actually state a cause of action and reflect a substantive, sufficient basis for the relief sought.

The Court may not enter default judgment against an infant or incompetent unless appropriately represented in the action.  Fed. R. Civ. P. 55(b)(2).  The plaintiff has not addressed the status of the individual defendants.  Nor has the plaintiff addressed the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521.  The procedural predicates for entry of default judgment against the individual defendants therefore have not been shown to be satisfied.

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."  Fed. R. Civ. P. 54(c).  The complaint demands recovery of principal in the amount of $271,694.91; interest through June 5, 2012 of $47,453.93, with per diem thereafter of $44.66; late charges of $4,938.51; miscellaneous charges of $1,533.95; reasonable attorney's fees; and costs.  (Doc. 1 at 5).  The instant motion seeks judgment in the amount of $271,694.91 in principal; interest of $55,269.92 through November 27, 2012, with per diem thereafter of $44.66; reasonable attorney's fees of $7,178.05; and costs.  (Doc. 11 at 2).  The requested judgment therefore is not different in kind or more in amount than demanded in the complaint.[1]

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1084 n.4 (S.D. Ala. 2007); *see also*

---

[1] The motion for default judgment does not seek recovery of late or miscellaneous charges, and the plaintiff's evidence does not prove up these items.  Accordingly, they will not be awarded.

2

*Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters ...."); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (on default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for award ...."); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 at 58-59 (3rd ed. 1998) ("If the court determines that [the] defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Thus, the mere granting of default judgment does not establish the plaintiff's entitlement to any quantum of damages.

A hearing to establish damages is not universally required. None is needed "where all essential evidence is already of record ..., such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Securities and Exchange Commission v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Here, suit is brought on a note and multiple guaranties, which have been submitted along with an affidavit from the plaintiff's representative, and the plaintiff does not request a hearing. Accordingly, none will be held.

The affidavit and exhibits submitted by the plaintiff establish that the amount owing under the note as of November 27, 2012 is $271,694.91 in principal and $55,269.92 in interest, with per diem interest thereafter at $44.66. These points are adequately established by the record and permit entry of judgment in an amount encompassing principal and interest to the date of judgment.

The complaint and the motion for default judgment also seek an award of attorney's fees. The note and the guaranties provide for recovery of the plaintiff's legal costs and expenses of enforcement, including reasonable attorney's fees. The plaintiff has submitted evidence concerning such fees, and the Court finds them to have been actually and reasonably incurred and reasonable in amount ($7,178.05).

In summary, the plaintiff is entitled to default judgment against Magic Touch in the amount outlined above. In order to obtain default judgment against the individual

defendants, the plaintiff must address their age, competency and military status. The plaintiff is **ordered** to do so by supplemental submission on or before **January 25, 2013**. The Court will take the motion for default judgment under submission on January 25, 2013.

DONE and ORDERED this 11th day of January, 2013.

                                              s/ WILLIAM H. STEELE
                                              CHIEF UNITED STATES DISTRICT JUDGE